UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES EARL GOODE,<br><br>        Defendant. | CASE NO.   05-577M<br><br>DETENTION ORDER |

Offense charged:

    Count 1:    Conspiracy to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841 and 846.

    Count 2:    Possession with Intent to Distribute MDMA, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(c).

Date of Detention Hearing: December 8, 2005

    The Court conducted both a detention hearing pursuant to Title 18 U.S.C. § 3142(f), and a preliminary Rule 5(c)(3) inquiry.  The defendant waived his rights to a full Rule 5(c)(3)(D) hearing and the Court signed an order of transfer to the originating district court, the District of Illinois for review.  Moreover, based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination

DETENTION ORDER
PAGE -1-

of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Robert Westinghouse. The defendant was represented by Carol Koller. The defendant defers final detention hearing to the charging district.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) Defendant is viewed as a risk of nonappearance due to a history of failure to appear.

(2) Based on defendant's criminal history, there is reasonable cause to detain. Defendant is view as a risk of danger to the community due to the nature of previous and current changes.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//

//

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 9th day of December, 2005.

_____
MONICA J. BENTON
United States Magistrate Judge